Robert Jackson appearing on behalf of defendant's appellant Amy Lee Davis. This appeal is about the piling on of cases and conspiracy allegations such that Ms. Davis was convicted of a conspiracy which either didn't exist or for which she was not on trial. First, the evidence was insufficient to sustain Ms. Davis' conviction as to the conspiracy charged in count one. The government's theory of Ms. Davis conspiring with Carlos Venegas and her sister Cindy in relation to drugs seized during this November 13th traffic stop had completely fallen apart by the time the case was submitted to the jury. Second, and as an alternative... Well, don't we have a broader charge than that? I don't believe so, Your Honor. I don't believe that the government intended to... Well, I'm looking at the indictment and it says Davis and then lists Venegas and Davis, Cindy Davis, together and with others known and unknown. So we've now removed Venegas and Davis and so now we have our defendant Amy Lee Davis charged together with and with others known and unknown. So isn't that enough? No, I don't think so and there's a big problem with that instruction number 17. It's so broad that it encapsulates any drug conspiracy conduct occurring between June 2018 and June 2019 and it's this huge window and my client, Ms. Davis, pled guilty to two additional drug conspiracies in that timeframe and that's what really concerns me here. Also, we know that the government's conspiracy allegation was narrower and confined to this November 13th traffic stop if we look at the trial record and also if we look at the other counts in the indictment. The other counts in the indictment, they all centered around this November 13th traffic stop. Count two had to do with possession of the drugs from that November 13th traffic stop. Count three had to do with maintaining a dwelling place for purpose of distributing drugs and that count ends on November 13th, the date of the traffic stop. Count four has to do with using a telephone or communication facility to facilitate the drug conspiracy and that occurred on November 13th when Ms. Davis called her sister, Cindy. Count five is an outlier here and I admit that that doesn't run with the November 13th traffic stop but that's a possession with intent count that was picked up by Ms. Davis while she was absconding from a state court warrant for these charges relating to the November 13th stop. What authority do you rely on, Mr. Jackson, for the concept that because the other counts, the non-conspiracy counts refer to these separate events that somehow the conspiracy count must be restricted to the individuals involved in those events or that it somehow restricts the very broad conspiracy count? Is there any authority for that? I think the authority, if we look at all these general conspiracy cases and the variance cases where we talk about Kadiakos and going way, way back, where there's a broad conspiracy alleged and the narrower conspiracies are proven at trial, I think that would be the authority we'd look to. But here the conduct of the government- I guess if I was speaking more, I should have said from the sufficiency of the evidence count. If we're just looking at the sufficiency of the evidence, which is your first argument, why would we look at the other counts to determine whether the evidence was sufficient for this count? Well, here we have to determine what conspiracy was charged. And this is really troubling. Ms. Davis was charged in four separate drug conspiracy cases, all occurring in the same timeframe. One of those cases was- Counsel wasn't- the charges were with different people because she was selling meth to multiple people. So the other conspiracies didn't include these same parties. They included other parties, other people that she conspired with or sold drugs to. Is that right? We don't know that, Your Honor. That's especially problematic. The government now cast for the first time on appeal these witnesses, Cobello and French as quote, unindicted co-conspirators. What's to say that Cobello and French weren't part of the conspiracies in the two other cases to which Ms. Davis pled guilty? And then Mr. French was charged- Can't we look at the indictments in those cases and see whether they're the same people? Aren't they other people that are charged in the other indictments? Sure, there's other people in those other indictments, but what's to say that there weren't also unindicted co-conspirators included in those cases? Why are we looking at the other indictments? We're focused here with this count, count one in this case in front of this jury. And this jury didn't hear about these other cases before other judges. We have to be concerned with the other cases because all the date ranges are the same. And that's the big problem here. We're hearing about drug conspiracy conduct occurring in the same date range as count one was alleged to occur. So we end up with this problem. It's a very big problem where Ms. Davis may likely have been convicted of some conspiracy that was not clearly included in count one. And if we look to that Evans case, that's what that case was about. So you're arguing here that she was without notice of what she was being charged with? If we're talking about prejudicial variance, yes, Your Honor, that's one of the components there. Was a Bill of Particulars filed here in this case? Do people still do that? You know what a Bill of Particulars is? I do, Your Honor. No motion for Bill of Particulars was filed. So if there was any issue on notice, wouldn't that be the likely thing to do? If she said, gosh, I'm going to trial and I have no clue what they're charging me with. It's a little more nuanced here. Ms. Davis goes to trial and her indicted co-conspirators are this Carlos Venegas and her sister Cindy Davis. Just prior to trial, all charges are dismissed with respect to Mr. Venegas. Cindy Davis, she's severed out. She testifies at trial. Apparently, that was part of a diversion agreement. And by the time she's done testifying, the government agrees during Rule 29 argument that Cindy Davis is no longer a co-conspirator. So two additional witnesses were presented at trial, Cabello and French, and there the government referred to those people as quote insiders. Now for the first time on appeal, they're being referred to as quote unindicted co-conspirators as the government's effort to save the conspiracy conviction. So in terms of those people being cast as co-conspirators, for the first time that's happening on appeal. So in terms of notice, there was no notice fairly included in the indictment or in the arguments at trial that Cabello and French would be cast as quote unindicted co-conspirators. Would the jury, given the instructions they had, could they have concluded on the evidence given that Cabello and French were co-conspirators? I suppose the jury could have and may very well have concluded that Ms. Davis conspired with Cabello and French, but that conspiracy with Cabello and French was not fairly included within count one. Those people were not cast as co-conspirators at trial. They weren't cast as co-conspirators during closing arguments. And that's where the variance comes into play. Going back to the jury instructions, they're especially problematic here. Those jury instructions failed to explain that Ms. Davis could only be convicted of the drug conspiracies specifically alleged in count one and not some other conspiracies she may have participated in during the same time frame. The district court failed to give that multiple conspiracy construction that's contained in pattern instruction 2.20. And that instruction would have informed the jury, among other things, that quote proof that a defendant was a member of some other conspiracy is not enough to convict. This language was so critical considering the number of conspiracies in play all occurring in the same time period. So you're arguing the jury instruction 18 was in error? We're arguing that jury instruction 17 was in error because it did not include Cindy Davis's name. Trial counsel... Is 18 okay? 18 as to the elements. Yes, Your Honor, but we don't have an issue with 18. It's Ms. Davis's position that an instruction such as pattern instruction 2.20 should have also been included, alerting the jury that multiple conspiracies were in play and that Ms. Davis could only be convicted of that specific conspiracy in count one surrounding that November 13th traffic stop. How did the jury... Why would the jury be aware of other conspiracies? Well, they should have been made aware of other conspiracies. Why? So that we didn't have this problem or this issue of an erroneous determination, the conviction for a conspiracy with Cobello and French that was not included, fairly included within count one. Why aren't... I'm sorry. Go ahead. Judge Sumo. Your turn. I'm sorry. Well, I was just going to say, I don't understand that because I don't understand why Cobello and French weren't clearly the named or unnamed conspirators that are referred to in the language of the count. I mean, the specific language and named or unnamed conspirators. That's Cobello and French. I disagree, Your Honor. The way this case was charged, the instruction 17 should have read Amy Lee Davis along with Carlos Benegas and Cindy Davis conspired. And by the time I went to the jury, that case fell apart. So now it's just this one woman crime spree. Amy Lee Davis conspired with others known and unknown over the huge year date range. Cobello and French just barely weren't included in that. And they weren't cast as unidentified co-conspirators. Have you raised a double jeopardy claim here? I mean, that's really where you're headed. You're saying, well, there's a lot of the same thing going on here and she's pled to the same thing and being convicted of the same thing. Is there a double jeopardy problem? There could be, Your Honor. I don't know what that jury convicted Ms. Davis of. That's the problem here. We mentioned double jeopardy in the ground two variance claim, but that's a potential ramification of Cobello and French's testimony. As a standalone claim, no, Your Honor, we haven't raised that. In conclusion, all three of these grounds for relief focus upon how Ms. Davis was erroneously convicted of the count one conspiracy, a conspiracy that just simply wasn't proven by the time the case was submitted to the jury. Ms. Davis's conspiracy conviction must be reversed and I'd save any remaining time for rebuttal. Thank you. Ready to hear from the appellee. Thank you, Your Honor. May it please the court, counsel, JoLynn McCormick on behalf of the United States. The district court properly determined there was one conspiracy. There was no variance. At trial, there was one defendant before the jury to determine whether or not she was guilty of the charges beyond a reasonable doubt. All of the evidence presented was in relation to the appellant's participation in a vertical conspiracy in which she supplied methamphetamine to others and relied on them to redistribute it. For that reason, the court was also proper in its determination that a multiple conspiracy instruction was not appropriate in this case. Based on the evidence, the jury had before it substantial evidence of a single conspiracy where the appellant conspired with a source of supply in Oklahoma City who was unknown and at least two known conspirators, Cabela and Mr. French, who both testified before the jury. The substantial evidence before this jury included direct testimony before both known conspirators. Starting with Mr. French, the jury heard evidence that he was supplied methamphetamine by Ms. Davis multiple times a month. He described locations where he met Ms. Davis. He also referenced that he knew her source of supply who was supplying her with the methamphetamine that she was redistributing to him was in Oklahoma City. Likewise, the record also reflects that Mr. Cabela also testified that he bought methamphetamine from the appellant on an almost daily basis. The testimony even goes further from Mr. Cabela in his description that Ms. Davis fronted methamphetamine to him. Mr. Cabela describes that the appellant supplied him with vehicles to drive so that he had transportation to distribute the methamphetamine. She supplied him with firearms for his protection and he too, like Mr. French, knew the source of supply was in Oklahoma City. Your honors, this evidence was substantial evidence for the jury to reasonably conclude that there was one conspiracy and it's that conspiracy that was charged in count one of the indictment. Was it argued before the jury? I think you were, were you trial judge, trial court on this, excuse me, trial counsel on this case? I was, I was, your honor. Your honor, did you argue before the jury that these individuals that you've just named were co-conspirators? Your honor, I did argue that and counsel focuses on the term insiders. But I think what's important as far as what was presented to the jury was the evidence and the evidence was regarding that supported the agreement between the appellant, Ms. Davis, Mr. French and Mr. Cabela, as well as the source of supply in Oklahoma. So again, you, you did not refer to them as co-conspirators, is that right? I did not use that term, your honor. However, the argument referenced the evidence that was presented to the jury that supported the jury's reasonable inference that there was an agreement between the appellant and these two gentlemen who testified before the jury. Your opening, it seemed like maybe your position kind of changed. It seemed like your opening argument didn't reference, as I recall, these two individuals, Cabela and French at all. In your honor, in opening statement, I'm not, I don't recall specifically whether we referenced them by name, but it was certainly not a surprise to the government that we, it wasn't a last minute decision that we called them during the trial in this case. And I want to clarify one thing for the record that I think is kind of lost in the appellant's statement. The appellant in this case is not charged in any other conspiracy with Mr. French and Cabela. She is charged in other conspiracies, which is a clear indication that a grand jury took very specific steps to ensure that there were, while there were multiple conspiracies that set out in multiple indictments. But the matter before this jury that was considered based on the evidence is not a spillover. And I think that's important in reference to the inferences that are made that suggest that the appellant is charged in other cases with the two co-conspirators who testified in this case. That is not true. Your honors, I would further argue that based on the evidence that, uh, there was a single conspiracy, um, the district court was also proper in its instruction to the jury. Uh, the record clearly reflect reflects what the government would characterize as an affirmative waiver in that when the district court provided the proposed instructions to counsel for review trial counsel for appellate, uh, simply, uh, ask the question, do, do the, is there a multiple conspiracy instruction included? And the answer was from, from the court was no, there was never a formal request, uh, submitted by the appellant for a multiple conspiracy instruction. We returned the second day, uh, after the exchange that I just described, and still there was not a formal objection raised in reference to the, uh, omission of a multiple conspiracy instruction. And so the record is void in reference to, uh, uh, uh, an actual request for a multiple conspiracy instruction. And this jury was instructed based on, uh, the evidence that was presented during the trial. After review of the instructions by counsel, did the defense counsel agree or have, say those are fine, uh, we have no objections or something to the positive? Trial counsel the next morning, uh, it did not, uh, submit anything. And he did make reference to an objection to there not being a, a, a multiple conspiracy instruction. Your honor. Okay. So he objected to the fact that there wasn't one. Are you saying I don't understand that? Yes, your honor. Do you have anything else? Your honor, I would just, uh, in closing, uh, argue that even if this court finds there was a variance, which we maintain there was not, but even if the court finds there was a variance, we would ask the court to consider the fact that, um, the, all of the evidence presented to this jury was directly related to, uh, the appellant's possession distribution and redistribution of methamphetamine. There is no spillover effect or there was no prejudice. And so if the court is guided by its previous decisions in other cases, we'd ask the court to look at a Carnegie. That's a case where there actually was a variance. And by comparison, I'd ask the court to consider the fact that in Carnegie, that case involved a multiple defendant jury trial. There was clearly spillover in that there were three defendants who were before the jury for trial. And part of the evidence before the jury was that, uh, there were, there were times when the alleged co-conspirators were actually competitors. And so there was room for there to be a decision that there was a variance. However, the court in that case determined that a jury would have been able to reasonably compartmentalize the evidence that was presented. And therefore there was no prejudice. In this case, we have a single defendant who was before the truck before the court for trial. All of the evidence when the taken in the light, most favorable court to the United States, a jury was reasonable to infer that this appellant was charged as, as, as it was found guilty and charged, uh, properly in count one with conspiring with others known and unknown. That's exactly what the evidence showed. And that's a reasonable interest inference for the jury to have drawn from the evidence in this case. If there are no further questions, I asked the court to affirm the appellant's conviction. Thank you, Mr. Jackson. The case is charged. It was about my client, Amy Davis, Carlos Benegas, and Cindy Davis. And, uh, conspicuously absent from government counsel's argument is any reference to Carlos Benegas or Cindy Davis. And now on appeal, the case has morphed into a case about Mr. Scabello and French. That says a whole lot. It's, it's a different case now that we're defending against than it was at trial. Um, with respect to the instructional error, I do want to discuss that for just a few moments in the brief. I said that I believe that claim is subject to plain error review. Um, unfortunately that's what I think we're stuck with. Defense counsel did, uh, request multiple conspiracy instruction. He did request Cindy Davis's name be included in that instruction 17, but he just didn't take that next step. He didn't lodge a formal objection to the instructions as given. Unfortunately, that's the law of the, of the circuit. That's what we're stuck with on that. Even then, I still believe it's plain error. We have, uh, the Edwards case cited in the briefs. And there, it says that when you have multiple conspiracies in play, it's error, it's reversible error, unless the court gives that multiple conspiracy instruction. And the only way around that is if you, uh, give us, uh, examples of what multiple conspiracy conspiracies you see here. Oh, they're, they're just, they're everywhere. We don't take any issue with, uh, Ms. Davis doesn't take any issue with her being cast as a drug dealer for lack of a better term or, or having those drugs in her vehicle. Um, there's conspiracies in play with respect to Cabello and French who, uh, testified as to be in front of French are conspiring with Davis, our defendant in the, in the very general sense, their testimony was enough to establish a drug conspiracy, but not the one, not the one charged in count one, any, any other conspiracies, uh, all these conspiracies and other cases to which Ms. Davis played. Was there evidence of that before the jury, these other cases? That's hard to say your honor. I guess there was with respect to French, he was charged in his own conspiracy case too. And he testified at length. I assume that his drug conspiracy case included this drug conduct. I mean, I don't really understand. Well, are we limited to what the jury heard? I mean, I, I, I appreciate you're looking at this in a very global manner, but. Uh, I think we're restricted to the record here and what was presented to the jury. Sure. The jury heard about drug conduct with Cabello and French. It just wasn't included within count one and your honors. I've respectfully requested the court reverse with respect to count one and remand to the district court with to conduct further proceedings. Thank you. Thank you. Thank you both for your arguments this morning. The case is submitted.